# Exhibit 1 to Agreed Motion for Approval of Settlement Agreement and Dismissal with Prejudice

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made and entered into by and between Kara Joblin ("Joblin") and Champion National Security, Inc., and its affiliates, subsidiaries, and parents ("Champion").

I

For and in consideration of the execution and non-revocation of this Agreement by Joblin, and provided this settlement is approved by the Court, Champion agrees to provide Joblin with certain valuable consideration, the sufficiency and receipt of which is hereby acknowledged, including providing Joblin the gross sum of $7,832.27, which amount will be payable as follows: (a) a check made payable to Joblin in the gross amount of $1,014.54, minus any applicable federal, state, and/or local tax withholdings, for any alleged lost wages by Joblin; (b) a check made payable to Joblin in the gross amount of $1,314.54 to reflect alleged liquidated damages in an amount equal to her lost wages (i.e. $1,014.54) plus $300.00 additional consideration for the other exchange of promises stated herein, to be reported on an IRS Form 1099-MISC; and (c) a check made payable to the Vaught Firm, LLC in the gross amount of $5,503.20, issuing a Form 1099 at year end. At the time of execution of this Agreement, Joblin will complete and execute a W-4 Form (2018 Version) and W-9 Form (revised Nov. 2017) and the Vaught Firm, LLC will execute a W-9 Form (revised Nov. 2017) to be returned with this Agreement. These benefits are provided in settlement of all Joblin's claims against Champion and/or all of its affiliated companies, employees, clients, and representatives, including but not limited to those claims set forth in the case styled *Kara Joblin v. Champion National Security,*

*Inc.*, filed in the U.S. District Court for the Northern District of Texas, Case No. 3:21-cv-00722-B (the "Lawsuit").

Delivery of the aforementioned settlement checks shall be made to the Vaught Firm, LLC within fifteen (15) business days following (1) receipt by defense counsel, Martenson, Hasbrouck & Simon LLP, of (a) the original signed copy of this Agreement, (b) a signed Form W-4 (rev. Dec. 2020 version) and Form W-9 (rev. Oct. 2018 version) executed by Joblin, and (c) a Form W-9 (rev. Oct. 2018 version) executed by the Vaught Firm, LLC; and (2) Court approval of this Settlement Agreement. The documents referenced in the preceding sentence shall be sent to: Alex W. Simon, Esq., via email at asimon@martensonlaw.com or in hard copy to Martenson, Hasbrouck & Simon LLP, 2573 Apple Valley Road NE, Atlanta, GA 30319.

II

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Joblin does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Champion, its corporate parent and affiliates (including but not limited to Universal Protection Service, LLC d/b/a Allied Universal Security Services, AlliedBarton Security Services LLC; AlliedBarton Security Services LP; Universal Protection Service, LP; FJC Security Services, Inc.; and U.S. Security Associates, Inc.), its current and former officers, directors, employees, and clients, and its shareholders, attorneys, servants, and agents, together with their successors and assigns (hereinafter collectively referred to as the "Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity (hereinafter collectively referred to as "claims"), whether known

or unknown, which Joblin ever had, now has, or may or might in the future have against the Releasees, arising out of events or occurrences which arose at or before the moment Joblin signs this Agreement, including, but not limited to: (i) those claims arising out of or in any way connected with the circumstances surrounding the Lawsuit; (ii) those claims arising out of the employment relationship which existed between Joblin and Champion or any Releasee and/or the termination of that relationship; (iii) those claims arising under federal, state, and local law; and (iv) any and all other claims which Joblin ever had, now has, or may or might in the future have arising by reason of or in any way connected with any employment relationship which may have existed prior to or on the date hereof between Joblin and Champion or any Releasee and/or the termination of that relationship.

III

Joblin further acknowledges and covenants that, in consideration of the agreements and commitments set forth in Paragraph I hereof, she has knowingly relinquished, waived, and forever released any and all damages and remedies which might otherwise be available to her, including, without limitation, claims for contract or tort damages of any type, claims for legal or equitable relief under either federal or state statutory and common law, claims for backpay, reinstatement, and recovery of attorneys' fees and/or costs, and the right to be a member in any class in any lawsuit or administrative action arising out of her employment with Champion. The parties further acknowledge and agree that, except as expressly set forth in Paragraph I above, each party to this Agreement will bear her and its own costs and attorney's fees. Joblin further warrants that as of the time of execution of this Agreement, she has not assigned or transferred any claims of any nature that she would otherwise have against the Releasees. Joblin

acknowledges that nothing in this Agreement prevents her from filing a charge or complaint with the Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board ("NLRB"), Occupational Health and Safety Administration ("OSHA"), or another state or federal agency (hereinafter "Government Agency") or cooperating in any investigation or proceeding conducted by such a Government Agency. However, Joblin understands and agrees that, if she files a charge or complaint with such a Government Agency, or if the Government Agency independently pursues any relief on behalf of Joblin, Joblin is, to the extent permissible by law, hereby waiving her right to recover monetary damages or injunctive relief specific to Joblin. Notwithstanding any other provision contained herein, nothing in this Agreement shall limit Joblin's ability to accept any reward or incentive pursuant to a government-administered whistleblower program. Moreover, nothing in this Agreement shall be construed as a waiver of any right which, by law, cannot be waived.

IV

Joblin further acknowledges and covenants not to sue the Releasees, or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect, or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant, or attachment upon any claim released by her herein, to the extent permissible by law. Joblin also acknowledges and covenants that she understands that after signing this Agreement, she cannot proceed against any person or party mentioned in it with respect to or on account of any of the matters referred to in it. Joblin further agrees that she will take whatever steps are necessary to seek dismissal of the Lawsuit with prejudice. Defendant, by its signature below, confirms that its attorney, Mr. Alex W. Simon has reviewed the proposed agreed motion for approval of settlement agreement and dismissal with

prejudice and corresponding proposed order attached hereto as Exhibit A, and that Plaintiff's counsel may file that motion and proposed order as agreed by Defendant.

V

The amounts paid in connection with the provisions of Paragraph I, above, shall be reported to the Internal Revenue Service in accordance with applicable statutes and regulations. With respect to the amounts paid directly to Joblin, the amounts subject to tax withholdings shall be reported on a Form W-2 issued to Joblin at year-end, and the amounts not subject to tax withholdings shall be reported on a Form 1099-MISC issued to Joblin at year-end. With respect to the amount paid to the Vaught Firm, LLC, that payment shall be reported on a Form 1099-MISC issued to the Vaught Firm, LLC at year-end and on the aforementioned Form 1099-MISC issued to Joblin at year-end. Joblin and the Vaught Firm, LLC shall each be responsible for the payment of any local, state, and/or federal taxes which may be attributable to the payments described above and shall indemnify and hold Champion harmless from any tax consequences, whether anticipated and unanticipated, arising out of the payments described in Paragraph I above. The parties acknowledge that no representations have been or are made herein by or to any signatory to this Agreement regarding the tax consequences of this Agreement.

VI

Joblin agrees and covenants that she has carefully reviewed, studied, and thought over the terms of this Agreement, and that all questions concerning this Agreement have been answered to her satisfaction. Joblin further represents and agrees that, prior to her execution of this Agreement, she has had the opportunity to discuss and review all aspects of this Agreement with her attorney

and that she has, to the extent she wished to do so, availed herself of this opportunity.

VII

It is also understood and agreed that this Agreement is executed by Joblin voluntarily and is not based upon any representations or statements of any kind made by Champion or any of its representatives as to the merits, legal liabilities, or value of any current or potential claims which Joblin may have. Joblin also acknowledges that no promise or inducement for this Agreement has been offered or made, except as herein set forth, and this Agreement contains the full terms of the agreement between Joblin and Releasees.

VIII

It is further understood and agreed that this Agreement is entered into voluntarily by both parties, that this settlement is a compromise of disputed claims, and that the payment conferred herein is not to be construed as an admission of liability on the part of the persons, corporations, and entities hereby released, by whom liability is expressly denied.

IX

This Agreement shall be binding upon Joblin, her heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and all other persons asserting claims by, on behalf of, or through Joblin based or founded upon any of the claims released herein. Joblin acknowledges that this Agreement is made and entered into in the State of Texas and shall, in all respects, be interpreted, enforced, and governed under the laws of said State. All terms of this Agreement shall inure to the benefit of Releasees and their predecessors, successors, and assigns.

X

If either party breaches this agreement, the parties will be entitled to all remedies available at law.

XI

Should this Agreement be judicially approved in its entirety, and thereafter should any word, phrase, clause, sentence, or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

XII

Joblin acknowledges and agrees that, should she fail or refuse to execute this Agreement, all obligations of Champion, including the obligation to pay the sums referenced in Paragraph I as set forth herein, shall be entirely null, void, and of no effect.

XIII

This Agreement constitutes the entire agreement between Joblin and the Releasees pertaining to the subjects contained herein and supersedes any and all prior and/or contemporaneous agreements, representations, or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever except in writing duly executed by Joblin and an authorized representative of Champion. This Agreement is intended fully, completely, and forever to resolve all disputes based upon events, omissions, or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of, or connected with, the prior employment of Joblin with Champion and/or Joblin's separation from that employment.

[signatures on following page]

IN WITNESS WHEREOF, Kara Joblin sets her hand and seal this ___ day of _____, 2021.

_____
Kara Joblin

_____
Champion National Security, Inc.

EXHIBIT A TO SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARA JOBLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-722-B |
| | § | |
| CHAMPION NATIONAL SECURITY, INC., | § | |
| | § | |
| Defendant. | § | |

**AGREED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE**

Plaintiff Kara Joblin ("Plaintiff"), by and through her counsel, hereby seeks court approval of the settlement recently reached in this matter and corresponding dismissal of this case with prejudice. Defendant Champion National Security, Inc. ("Defendant") has not appeared in this action or otherwise responded to the Complaint. Plaintiff's counsel represents to the Court that this Motion was agreed upon by the Parties and prepared at arms' length. The Parties represent that the settlement is a fair and reasonable compromise of a bona fide dispute. Should the Court approve the settlement, the matter should be dismissed with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, with the Parties to bear their own respective attorneys' fees and court costs except as detailed in the settlement agreement.

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

("FLSA") alleging that Defendant failed to pay Plaintiff overtime wages as required by law. *See* Dkt. Entry No. 1. This case is not a collective action. *See* Dkt. Entry No. 1. Defendant's deadline to respond to the Complaint was extended per agreement until May 24, 2021. Defendant denies the allegations asserted by Plaintiff.

The Parties have negotiated and reached a resolution of Plaintiff's claims. Now, because the Parties have reached an agreement that disposes of all Plaintiff's claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request the Court approve the agreement and dismiss Plaintiff's claim and this case with prejudice.

In *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D. Tex. 2005), the United States District Court of the Western District Texas held that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." The Fifth Circuit subsequently expressly adopted this view, establishing binding precedent in this Circuit that parties can resolve bona fide disputes as to FLSA liability through private settlement agreements; in other words, a release in compliance with a compromise of disputed FLSA claims is enforceable. *See Martin v. Spring Break '83 Prods.*, 688 F.3d 247, 255 (5th Cir. 2012) (citing *Martinez*, 361 F.Supp.2d at 631). In support of this position, the *Martin* court held that a private settlement agreement between parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed" and "knew about their rights under the FLSA." *See Id.* at 256, n.10.

As in *Martin*, there is a bona fide dispute here over whether Plaintiff is owed any overtime compensation for work hours she performed while she was classified as an

independent contractor. The parties, acting through respective legal counsel, are well aware of their rights under the FLSA, and have mutually agreed that there is bona fide dispute. Although Plaintiff claims that she was improperly classified as a contractor and should have received overtime for certain times where she spent more than 40 hours per week performing work for Defendant, Defendant denies that she was ever misclassified at all. Accordingly, the parties negotiated a private settlement agreement resolving the matter. Defendant does not admit any liability or violation of the FLSA.

Ultimately, the negotiated settlement that has been approved by Plaintiff and Defendant, reflects careful consideration of potential liability, the nature of the disputes, the willfulness or non-willfulness of any actions and whether liquidated damages could be owed, the amount of time allegedly worked in excess of 40 hours in a given week, the likelihood of Plaintiff's success, the correct method of calculating any potential damages, and the applicability of certain exemptions. This settlement agreement was negotiated and approved in good faith at arm's length, and includes both estimated unpaid overtime wages for Plaintiff, an amount for liquidated damages, Plaintiff's attorneys' fees, and separate consideration for additional standard settlement terms. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (there is strong presumption in favor of finding a settlement fair).

Wherefore, Plaintiff respectfully requests the Court approve the settlement, and then dismiss this lawsuit and the claims of Plaintiff with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

Date: May ___, 2021

Respectfully submitted,

By:     s/ Allen R. Vaught
    _____

    Allen R. Vaught
    Attorney-In-Charge
    TX Bar No. 24004966
    Vaught Firm, LLC
    1910 Pacific Ave., Suite 9150
    Dallas, Texas 75201
    (972) 707-7816 – Telephone
    (972) 591-4564 – Facsimile
    avaught@txlaborlaw.com

    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

On May 18, 2021 and May 21, 2021, I conferred with counsel for Defendant, Mr. Alex W. Simon (contact information listed below), regarding the filing of this document. Mr. Simon confirmed that Defendant agreed to the relief requested in this document. Defendant's agreement to the relief requested in this document is also shown in the subject settlement agreement at pages 4-5.

s/ Allen R. Vaught_____
Allen R. Vaught

## CERTIFICATE OF SERVICE

On May ___, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the document on all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2). I further certify that I served the counsel below by e-mail on that same date.

Mr. Alex W. Simon
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road NE
Atlanta, GA 30319
asimon@martensonlaw.com

s/ Allen R. Vaught
Allen R. Vaught

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARA JOBLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-722-B |
| | § | |
| CHAMPION NATIONAL SECURITY, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The Court considered the Agreed Motion for Approval of Settlement Agreement and Dismissal with Prejudice filed by Plaintiff. Having reviewed the facts and circumstances surrounding the Joint Motion, the Court is of the opinion that the Joint Motion should be, and hereby is, **GRANTED**.

Accordingly, the Court hereby **APPROVES** the Parties' settlement including their resolution of the Plaintiff's FLSA claim and **DISMISSES** all claims in this case **WITH PREJUDICE.**

**SO ORDERED.**

Signed _____          _____
                                          JANE J. BOYLE
                                          UNITED STATES DISTRICT JUDGE